UNITED STATE DISTRIC COURT

WESTERN DISTRIC OF NEW YORK

304 U.S. COURTHOUSE 68 COURT ST

BUFFALO NEW YORK 14202

ARNOLD D WIGGINS, 114 N 46 ST, HARRISBURG P.A,

**Plaintiff,**

Vs.

DET MUNZO, BUFFALO POLICE OFFICER, OFFICER KRUZ, BUFFALO POLICE OFFICER, OFFICER PEREZ, BUFFALO POLICE OFFICER, OFFICER M.LNT BUFFALO POLICE OFFICER, OFFICER LYONS, BUFFALO POLICE DET. OFFICER, CITY OF BUFFALO, COUNTY OF ERIE,

**Defendant**

**AMENDED COMPLAINT**
Case No.: **04 CV 0085**

**ARTICAL 42 1983 ARTICAL 42 1981**

04 CV 0085

FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO
2004 AUG 18 PM 2:14

**STATEMENT OF JURISDICTION**

THIS IS AN ACTION SEEKING RELIEF FOR THE DAMAGES CAUSED TO THE PLAINTIFF IN VIOLATION OF PROTECTED RIGHTS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES. (4TH 6TH 14TH ADMENDMENT OF UNITED STATES CONSITUTION. THIS ACTION IS BROUGHT PURSUANT TO **ARTICLE 42 U.S.C. 1983 AND 1981.**

THIS COURT HAS JURISDICTION OVER THE ACTION UNDER:

**28 U.S.C.1331, 1343(3) (4) AND 2201.**

**PARTIES OF THIS ACTION**

ARNOLD D WIGGINS JR.
114 N 46 ST, APT. 3
HARRISBURG P.A, 17111

**Plaintiff,**

Vs.

DET MUNZO, BUFFALO POLICE OFFICER, (D DISTRICT) 74 FRANKLIN ST, CITY OF BUFFALO - OFFICER KRUZ, BUFFALO POLICE OFFICER (D DISTRICT), 74 FRANKLIN ST BUFFALO. - OFFICER PEREZ, BUFFALO POLICE OFFICER,(D DISTRICT) 74 FRANKLIN ST BUFFALO.- OFFICER M.LNT BUFFALO POLICE OFFICER,74 FRANKLIN ST BUFFALO N.Y - OFFICER LYONS,BUFFALO POLICE DET.74 FRANKLIN ST BUFFALO N.Y.
CITY OF BUFFALO, - COUNTY OF ERIE,

**DEFENDANT**

**THERE HAS BEEN NO PREVIOUS LAWSUITS IN STATE OR FEDERAL COURT.**

**PLAINTIFF: ARNOLD D WIGGINS JR. FILES THIS CLAIM ON GROUNDS OF: FALSE ARREST - MALICIOUS PROSECTION -ILLEGAL SEARCH - ILLEGAL SEIZURE EQUAL PROTECTION OF THE LAW. FOR RELIEF IN PROCEEEDING UNDER ARTICLE 42TH U.S.C.1983**

**IN VIOLATION OF RIGHTS UNDER THE 4TH14TH 8TH 6TH AMENDMENT**

**FIRST CLAIM**

ON MARCH 4 2002 DET. MUNZO AND OTHER BUFFALO POLICE OFFICER SEARCH THE HOME (31 WORCESTER PL. BUFFALO N.Y) OF PLAINTIFF WITHOUT WARRANT A VIOLATION OF THE PLAINTIFF RIGHTS UNDER THE OF THE **U.S.C 4TH AMENDMENT**.

AT THE TIME OF THE SEARCH, DET. MUNZO AND OTHER BUFFALO POLICE OFFICERS

SEARCHED THE BEDROOM OF PLAINTIFF'S MOTHER KNOCKING DOWN CLOTHING RACKS PULLING OPEN DRAWS LEAVING THE HOME IN A WRECK. A CARD WAS LEFT INFORMING PLAINTIFF TO CALL DET. MUNZO A.S.A.P. CONCERNING AN INVESTERAGTION.

MARCH 5 2002 PLAINTIFF WENT TO THE D DISTRICT POLICE STATION TO MEET WITH DET. MUNZO. DET.MUNZO ARRIVES AT 11:30 AND PLACED PLAINTIFF IN A ROOM AND ORDERED A FEMALE OFFICER TO STAND GUARD AND KEEP PLAINTIFF IN THE ROOM. DET.MUNZO BEGAN TO ASK PLAINTIFF QUESTION WITH OUT INFORMING PLAINTIFF OF ANY RIGHTS. AN HOUR LATER DET. MUNZO ORDERED THE FEMALE OFFICER AND A MALE BUFFALO POLICE OFFICER TO TAKE PLAINTIFF TO CENTRAL BOOKING AND HE WILL MEET THEM THERE. PLAINTIFF WAS HAND CUFFED AND TAKEN TO CENTRAL BOOKING BY **OFFICER PEREZ** AND **OFFICER KRUZ.** DET MUNZO ADVISES THE OFFICER THAT HE WOULD GO FIND THE FILERS OF THE COMPLAINT. PLAINTIFF ARRIVED AT CENTRAL BOOKING, WHERE THE TECHNICIAN COULD NOT BOOK THE PLAINTIFF. THE OFFICER INFORMED DET. MUNZO BY RADIO OF THE FACTS, AND ASKED WHAT WAS THE CHARGES? HE INFORMED THEM HE WAS LOOKING FOR THE COMPLAINTS AND WOULD BE THERE SOON. DET. MUNZO ARRIVED 2HRS LATER WITH COMPLAINTS.

AT THE TIME PLAINTIFF WAS PLACED IN THE ROOM (1130 AM) WITH A GUARD AT THE DOOR, UNTILL DET.MUNZO ARRIVED WHICH WAS 2PM. THERE WERE NO PROBLE CAUSE TO HOLD PLAINTIFF THERE.THERE WAS NO WARRANT OR ANY FORM TO SUPPORT A CLAIM. PLAINTIFF WAS NOT FREE TO LEAVE WHEN THE FEMALE OFFICER WAS TOLD TO WATCH HIM AND MAKE SURE HE DOESN'T LEAVE. DET. MUNZO LATER TESTIFIED AT THE SUPPRESSION HEARING THAT PLAINTIFF CALLED HIM AND HE INFORMED PLAINTIFF THAT A WARRANT WAS OUT FOR HIS ARREST AND HE NEEDED TO TURN HIMSELF IN.THIS WAS NOT TRUE AND WAS PERJURY BY AN OFFICER OF THE LAW. DET. MUNZO ALSO STATED THAT HE ARRESTED

PLAINTIFF AND DROVE HIM TO CENTRAL BOOKING.WHICH WAS NOT TRUE. DET MUNZO PROVIDED THE DISTRICT ATTORNEY OFFICE WITH A FALSE STAEMENT TAKEN IN VIOLATION OF PLAINTIFF RIGHTS WHICH WAS SUPPRESS.DET MUNZO TESTIFYED THAT HE WAS THE INVESTERGATING OFFICER AT THE HEARING AND CHANGE AND SAID HE WAS NOT AT THE TRIAL, AND DID NOT KNOW WHO WAS. WHICH SHOW HE HAD LACK OF PROBLE CAUSE TO ORDER THE ARREST. A BOOKING FORM WAS GIVEN THE DAY OF COURT THAT SHOWED OFFICER PEREZ AND KRUZ WAS THE ARRESTING OFFICERS, THIS FORM WAS REPLACE TO SHOW THAT PLAINTIFF WAS ARRESTED ON A WARRANT ON FILE AND SIGNED BY OFFICER LYONS.

ON MARCH 12 2002 **OFFICER LT LYONS** SIGNED A FALES POLICE BOOKING FORM STATING HE ARRESTED PLAINTIFF AT THE HOLDING CENTER 25 DELAWARE BUFFALO N.Y ON A WARRANT ON FILE ON THE CHARGES OF 120.10 ON MARCH 12 2004 PLAINTIFF WAS ARRESTED AND PLACED ON BAIL ON 4 MARCH ON ALL CHARGES. THERE WAS NEVER A SECOND ARREST AS STATED. THIS BOOKING FORM WAS STAMPED WARRANT ON FILE, THE MAKING OF THIS FALSE BOOKING FORM HAS NOW TAKEN THE ROOTS OF, A CONSPIRACY BY THE BUFFALO POLICE DEPARTMENT AND OFFICER WORKING UNDER THE COLOR OF THE CITY OF BUFFALO N.Y. AND WAS A MALICIOUS ACT TO COVER UP THE FALSE ARREST WITH OUT WARRANT OR PROBLE CAUSE WARRANTLESS ARREST WITH THEY PERJURY THEM SELF IN VIOLATING THE RIGHTS OF PLAINTIFF UNDER TO COVER UP AN ARREST MADE WITH OUT PROBABLE CAUSE TO ARREST OR SEARCH. **THE CONSTITUTIONAL BASE OF THIS CLAM UNDER ARTICLE 42 U.S.C 1983 IS 4TH ADMENDMENT AND 14TH ADMENDMENT FALSE ARREST AND MALICIOUS PROSECUTION**

**SECOND CLAIM**

THE **CITY OF BUFFALO** IN ITS WAY OF ASSIGNING THOSE WHOM ACCUSE OF

CRIMES IN ITS COURTS LEGAL REPRESENTATION, HAS VIOLATED THE RIGHTS OF PLAINTIFF, AND MANY OTHERS UNDER THE **SIXTH AMENDMENT**.ON MARCH 5 2002 THE CITY COURT ASSIGNED A PUBLIC DEFENDER TO THIS CASE, SOME ONE FROM THAT OFFICE CAME TO THE ERIE COUNTY CORRECTIONAL CENTER TO INTERVIEW PLAINTIFF, WHEN PLAINTIFF ASK ABOUT FACTS, AND HIS RIGHTS HE WAS TOLD HE MUST TALK TO THE LAWYER THAT WILL HANDLE THE CASE.PLAINTIFF NEVER TALK TO ANY LAWYER CONCERNING HIS RIGHTS OR DEFENSE AT THE CITY COURT LEVEL OF THIS CASE.THE PUBLIC DEFENDER NEVER TALKED TO PLAINTIFF AND ALLOWED A COURT PROCEEDING TO TAKE PLACE WITH OUT KNOWING FACTS FROM THE PLAINTIFF OR GIVEN CHANCE TO PRESENT EVIDENCE, WHICH WOULD HAVE HELPED THE PLAINTIFF AT THIS LEVEL OF THE FALSE, CHARGES. THIS WAS A VIOLATION OF PLAINTIFF RIGHTS UNDER, **14 ADMENDMENTS & 6TH ADMENDMENT U.S.C.** PLAINTIFF WAS FORCED TO GO THROUGH A FELONY HEARING WITH OUT AN EFFECTIVE LAWYER THAT KNEW OF FACTS OR TALK TO THE PLAINTIFF ON ANY DEFENSE MATTERS, OR ADVICE THAT PLAINTIFF COULD HAVE PRESENTED. PLAINTIFF NEVER HAD 2 WORDS WITH THIS LAWYER IN COURT NOR OUT OF COURT.THE PUBLIC DEFENDER ALSO FAILED TO TURN OVER PAPERS TO THE LAWYER THAT TOOK THE CASE, WHICH YOU HAVE BETTER HELP TO PREPARE THE DEFENSE. THIS IS A COMMON PRACTICE THAT VIOLATE THE RIGHTS OF MANY THAT CAN NOT AFFORD A LAWYER, AND DEPEND ON A COURT APPOINTED ATTORNEY PROVIDED BY THE CITY.PUBLIC DEFENDERS IN THE CITY COURT WORK HAND IN HAND, AND THIS SYSTEM IS WITH IN ITS CORE ROOT OF THE MANY VIOLATIONS OF RIGHTS OF CITIZENS IN THE ERIE COUNTY AND THE CITY.

**FACTS**

THE CITY OF BUFFALO WITH ITS SYSTEM HAS VIOLATED THE RIGHTS OF PLAINTIFF AND OTHERS UNDER THE **6TH ADMENDMENT. 14TH ADMENDMENT.** EQUAL PROTECTION UNDER THE LAW WITH THE

LACKING OF EFFECTIVE COUNSEL IN COURT. THIS PRACTICE GIVES THE STATE AN ADVANTAGE IN COURTS WHERE BOTH THE STATE AND ANYONE ACCUSED OF CRIME MUST COME BEFORE THE COURT ON EQUAL FOOTING.THIS RIGHT IS MORE THAN THE PRESENT OF A LAWYER IN COURT.WHICH IS THE PRARTICE OF THE CITY AND COUNTY. **THE CONSTITUTIONAL BASE FOR THIS CLAM ARTICLE 42 U.S.C. 1983 VIOLATION 6TH ADMENDMENT RIGHTSE**

**THIRD CLAIM**

**COUNTY OF ERIE,** ON MARCH 12 2002 THE CITY COURT SENT THE CASE TO THE COUNTY COURT, THE CITY COURT ASSIGNED AN ATTORNEY TO THE CASE BUT DUE TO SOME REASON NO ATTORNEY EVER CONTACTED THE PLAINTIFF UNTIL AFTER HE WAS INDICTED BY A GRAND JURY, WHICH DENIED PLAINTIFF RIGHTS, (DUE PROCESS OF THE LAW), AND EXCESS TO THE COURT, AT THE PRE TRIAL HEARING AND FIRST GRAND JURY. A PROCESS THAT PLAINTIFF WOULD HAVE TAKEN IF HE WAS ADVISED.THIS IS A COMMON PRACTICE IN THE ERIE COUNTY COURTS, A VIOLATION OF THE **14TH AND 6TH AMENDMENT** RIGHTS. THE COUNTY OF ERIE SYSTEM DOESN'T PROTECT THE RIGHT OF THOSE ACCUSED OF A CRIME AND CAN NOT AFFORD AN ATTORNEY.THIS ACTION HAS CAUSED MANY TO GO BEFORE THE COURT WITH THE PEOPLE HAVING AN UPPER HAND AND NOT EQUAL.

THE ACCUSED AND THE STATE SHOULD BE EQUAL IN A COURT OF LAW.THIS GAVE THE PEOPLE SUCH AN ADVANTAGE THAT IMPORTANT FACTS THAT WOULD HAVE BEEN DISCOVERED IN PLAINTIFF'S DEFENSE WAS NOW HARD TO FIND, AND PLAINTIFF BEING INDICTED WITHOUT THE RIGHTS OF PRESENTING FACTS TO THE GRAND JURY. ONCE AN ATTORNEY DID TAKE THE CASE, THERE WERE MANY PROBLEMS IN THE DEFENSE CONCERING BOOKING FORMS ALIBI. THE ONLY TOPIC WAS FOR THE PLAINTIFF TO TAKE A PLEA.DUE IMPORTANT FACTS LOST AND THE ADVANTAGE THE COUNTY HAD WITH ITS VIOLATING ACTS. **A VIOLATION UNDER CONSTITUTIONAL BASIC FOR THIS CLAM UNDER ARTICLE 42 U.S.C 1983 6TH 14TH ADMENDMENT**

**PLAINTIFF REQUEST TRIAL BY JURY**

**RELIEF SOUGHT**

PLAINTIFF CAN NEVER BE GIVEN THE FREEDOM THAT WAS ROBBED FROM HIM THAT CAN NEVER BE REPLACED WITH COST.I AM SEEKING TO GAIN BUT, I PRAY THE MANY VIOLATINS BE REDRESS, AND AN EFFORT MADE TO MAKE PLAINTIFF WHOLE.I WAS VERY PRODUCTIVE IN THE COMMUNITY AND WAS GIVEN A VERY HIGH BAIL ON THE LIES OF DET. MUNZO OFFICER WORKING UNDER THE COLOR OF THE STATE OF NEW YORK JUST TO MAKE AND ARREST. NOT CARING THAT AN INNOCENT MAN COULD BE SENT TO PRISION FOR A CRIME HE DID NOT INVESTIGATE BUT MADE AND UNLAWFUL ARREST. THE PLAINTIF REQUEST THE COURT TO ORDER FROM EACH DEPENDANT $500 PER DAY HE WAS SEIZE AND HEILD WAITING ON TRIAL OR WHAT THE COURT FIND JUST AND PROPER

**LAW**

**POWELL V. ALABAMA INDICATED THAT ''DURING PERHAPS THE MOST CRITICAL PERIOD OF THE PROCEEDINGS THAT IS TO SAY, FROM THE TIME OF THEIR ARRAIGNMENT UNTIL THE BEGINNING OF THEIR TRIAL, WHEN CONSULTATION, THOROUGHGOING INVESTIGATION AND PREPARATION [ARE] VITALLY IMPORTANT, THE DEFENDANTS [ARE] AS MUCH ENTITLED TO SUCH AID [OF COUNSEL] DURING THAT PERIOD AS AT THE TRIAL ITSELF.THIS LANGUAGE HAS GRADUALLY BEEN EXPANDED UPON AND THE COURT HAS DEVELOPED A CONCEPT OF'A CRITICAL STAGE IN A CRIMINAL PROCEEDING'' AS INDICATING WHEN THE DEFENDANT MUST BE REPRESENTED BY COUNSEL.[T]HE RIGHT TO COUNSEL IS THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL. FROM THE BEGINNING OF THE CASES HOLDING THAT COUNSEL MUST BE APPOINTED FOR DEFENDANTS UNABLE TO AFFORD TO RETAIN A LAWYER, THE COURT HAS INDICATED THAT APPOINTMENT MUST BE MADE IN A MANNER THAT AFFORDS 'EFFECTIVE AID IN THE**

PREPARATION AND TRIAL OF THE CASE. A COUNSEL MUST IMPEDE HIS ABILITY FAIRLY TO PROVIDE A DEFENSE, BUT THE SIXTH AMENDMENT GOES FURTHER THAN THAT. THE RIGHT TO COUNSEL PREVENTS THE STATES FROM CONDUCTING TRIALS AT WHICH PERSONS WHO FACE INCARCERATION MUST DEFEND THEMSELVES WITHOUT ADEQUATE LEGAL ASSISTANCE. THAT IS, A CRIMINAL TRIAL INITIATED AND CONDUCTED BY GOVERNMENT IS STATE ACTION WHICH MAY BE SO FUNDAMENTALLY UNFAIR THAT NO CONVICTION OBTAINED THEREBY MAY BE ALLOWED TO STAND, IRRESPECTIVE OF THE POSSIBLE FACT THAT GOVERNMENT DID NOTHING TO STOP THE UNFAIRNESS. THUS, INEFFECTIVE ASSISTANCE PROVIDED BY COUNSEL, PROVIDES A BASIS FOR FINDING A SIXTH AMENDMENT VIOLATION. STRICKLAND V. WASHINGTON, WHICH THE COURT ARTICULATED A GENERAL TEST FOR INEFFECTIVE ASSISTANCE OF COUNSEL IN CRIMINAL TRIALS.

**ARNOLD D. WIGGING JR. DULY SWEAR THAT THE STATEMENTS IN THE ABOVE ADMENDMENT IS TRUE, TO HIS KNOWLEDGE.**

NOTARIAL SEAL
MILDRED E DEITCH
Notary Public
CITY OF HARRISBURG
DAUPHIN COUNTY
My Commission Expires Apr 16, 2008

Mildred E. Deitch

ARNOLD D WIGGINS JR
114 N 46 ST APT 3
HARRISBURG P.A 17111