-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARNOLD WIGGINS, Jr.

        Plaintiff,

-v-

BUFFALO POLICE DEPARTMENT,
Det. G. MUNZO, Officer PEREZ,
Officer M. LTN. [sic], Officer G. LYON,
Officer KRUZ and CITY OF BUFFALO,,

        Defendants.

---

DECISION AND ORDER
04-CV-0085E(Sr)

## INTRODUCTION

Plaintiff Arnold Wiggins, Jr., proceeding *pro se*, was ordered to amend the complaint in this action (Docket No. 5) and has done so (Docket No. 6). Plaintiff's amended complaint must now be reviewed pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

As discussed in the Court's previous Order, 28 U.S.C. § 1915(e)(2)(B) provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Based on my evaluation of the amended complaint, I find that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's amended complaint realleges that on March 5, 2002, he was arrested and detained without probable cause by defendants Buffalo City Police Detective Munzo and Officers Perez and Kruz, and that on March 12, 2002, defendant Officer Lyons filed a "false booking" charging him with a violation of New York Penal Law, § 120.10(1) (assault in the first degree), based on a warrant on file. (Amended Complaint, pp. 3-4). He alleges that, because of this misconduct and because he was denied effective assistance of counsel through a preliminary hearing and two grand jury hearings, he was unable to effectively defend against the criminal charge and had no choice but to plead guilty. Plaintiff alleges that this is a problem that faces all indigent defendants who must rely on the Public Defender in Buffalo City Court. Plaintiff is seeking monetary damages for each day he was incarcerated.

In the Court's previous Order plaintiff was warned with particularity that his claims against the City of Buffalo, the Buffalo Police Department, and the arresting and charging officers, Munzo, Perez, Ltn, Lyon and Kruz, would be dismissed "unless the plaintiff filed an amended complaint in which he alleged sufficient facts to support each and every element of a claim of false arrest and malicious prosecution,"to wit,

> ...that the officers lacked probable cause to arrest and charge him, including the circumstances of the arrest and whether he was indicted for the crimes charged, that the officers acted with malice in charging him and that the charges were resolved in plaintiff's favor... Moreover, if plaintiff was indicted he must allege facts that would rebut the presumption of probable cause arising from the indictment; in other words, he must allege facts that would establish 'that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith.' [*Citation omitted.*] Lastly, the amended complaint must also include facts which explain what actually resulted from his arrest and prosecution, including whether or not he was convicted and, if so, whether the conviction has ever been invalidated.

2

Docket # 8, p.8. In addition, with respect to the City of Buffalo and the Buffalo Police Department, plaintiff was advised that he must also allege in the amended complaint that the acts of the officers were done pursuant to a policy of custom of the City or its Police Department."

Plaintiff's amended complaint answers some, but not all of the Court's concerns. However, the allegations addressed in the amended complaint make clear that the action must be dismissed. First, Plaintiff alleges that he pleaded guilty to a charge arising out of the incident for which he was arrested. He does not allege that he has challenged that conviction in any manner, either by appeal or collateral attack.

Because plaintiff has not alleged that the conviction has ever been invalidated, this § 1983 false arrest and malicious prosecution action is barred. *Heck v. Humphrey*, 512 U.S. 477, at 487 (1997), *Covington v. City of New York*, 171 F.3d 117, at 122 (2d Cir. 1999). Plaintiff has failed to show that prevailing in this action would not invalidate that conviction. Plaintiff's § 1983 action as pleaded is therefore barred.

In addition, even if the action were not barred by *Heck*, plaintiff's amended complaint again fails to allege sufficient facts to support either a false arrest or malicious prosecution claim. First, he again alleges that he was indicted, creating a rebuttable presumption of probable cause for the arrest. Probable cause is a complete defense to both claims. Second, he does not allege that the charges were concluded in his favor. Rather, he indicates that he pleaded guilty and does not allege that his conviction was successfully challenged thereafter. Third, he repeats the conclusory allegation that the officers did not have probable cause to arrest and charge him with a crime, yet he does not allege any facts which would, if true, establish that the officers lacked probable cause.

3

Finally, plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of the City of Buffalo or its Police Department, and thus plaintiff has failed to state a § 1983 claim against these defendants.

## CONCLUSION and ORDER

For the reasons set forth above, plaintiff's claims against the City of Buffalo, the Buffalo Police Department, and the arresting and charging officers, Munzo, Perez, Ltn, Lyon and Kruz must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:   May 23, 2005
         Rochester, New York